UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO.: 6:09-CV-0271-KKC

JACKIE DALE FLETCHER                                                                PLAINTIFF

v.                                          **OPINION AND ORDER**

MICHAEL J. ASTRUE, Commissioner
of Social Security                                                                  DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on cross motions for summary judgment filed by Plaintiff Jackie Dale Fletcher ("Fletcher") and Michael J. Astrue, Commissioner of Social Security ("the Commissioner"). Rec. No. 10, 11. For the reasons set forth below, the Court finds that the Commissioner's decision denying Fletcher's claim for benefits is supported by substantial evidence in the record. Accordingly, the Court will grant the Commissioner's motion for summary judgment.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Fletcher filed an application[1] for Supplemental Security Income on March 18, 2008 alleging a period of disability beginning on November 26, 2003. AR 12, 99-103. Fletcher alleges disability based on emphysema, COPD, heart problems, arthritis, neck and back pain, shortness of breath and joint pain. AR 99, 109, 123. This claim was denied initially and on reconsideration. AR 81-84, 87-89. Fletcher then timely filed a request for a hearing before an

---

[1] Fletcher previously filed an application for disability insurance benefits and Supplemental Security Income on December 11, 2001. AR 76, 78. In a decision dated November 25, 2003, these applications were denied by an ALJ. AR 68-75. The Appeals Council denied Fletcher's request for review and no further appeal was taken. AR 12.

administrative law judge ("ALJ") which was held on March 4, 2009. AR 12, 20-49.

The ALJ denied Fletcher's claim in a decision dated June 8, 2009, finding that he is not disabled within the meaning of the Social Security Act. AR 9-19. This decision was then appealed to the Social Security Administration's Appeals Council which denied the request for review. AR 1-3, 4-8. Because Fletcher has exhausted all of his administrative remedies, this case is now ripe for judicial review under 42 U.S.C. § 1383(c)(3).

## II.     DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Administration, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The Court cannot review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 468 (6th Cir. 2006); *Garner*

*v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 Fed. App'x 503, 506 (6th Cir. 2005).

**B. Overview of the Process**

Under the Social Security Act, disability is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by his impairment and that he is precluded from doing past relevant work for the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show he is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that he suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that his impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental

3

or physical impairments. In determining the RFC, the ALJ must consider all of the claimants' impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the RFC, a determination must be made whether the claimant has the RFC to perform the requirements of his past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given his RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

**C. The ALJ's Decision**

At step one of the evaluation process, the ALJ found that Fletcher has not engaged in substantial gainful activity since the date of his application. AR 14. At step two, the ALJ then found that Fletcher suffers from the following severe impairments: (1) history of non-obstructive coronary artery disease; (2) chronic obstructive pulmonary disease ("COPD"); and (3) history of resolving right shoulder injury. AR 14. The ALJ also noted Fletcher's complaints of arthritis in his back, legs and knees and claims of memory problems.[2] AR 14-15.

At step three, following consideration of all of the medical evidence and relevant testimony, the ALJ found that Fletcher did not have an impairment or combination of impairments that meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 16. Prior to step four, the ALJ determined that Fletcher has the RFC to:

---

[2] For example, Fletcher testified that he sometimes has troubling remembering what his wife sent him to the store for. AR 14-15, 35.

perform medium work as defined in 20 CFR 416.967(c)[3] except that he must avoid exposure to temperature extremes and pulmonary irritants. He must also avoid work in which reading is an essential job element.[4]

AR 16. At step four, the ALJ then determined that Fletcher has no past relevant work experience.

At step five, the ALJ relied on testimony from a VE to find that considering Fletcher's age, education, work experience and RFC, there were jobs existing in significant numbers in the national economy that he could perform. AR 18. As a result, the ALJ determined that Fletcher is not disabled as defined by the Social Security Act. AR 19.

**D. Discussion**

Fletcher raises several arguments on appeal. First, Fletcher claims that the ALJ did not properly consider his exertional and non-exertional impairments including pain. First, Fletcher claims that the ALJ failed to give sufficient reasons for not finding his testimony about his pain and symptoms credible. Second, Fletcher claims that the ALJ erred by failing to consider his exertional and non-exertional impairments including pain. Finally, Fletcher contends that the ALJ's hypothetical questions to the vocational expert ("VE") do not provide substantial evidence for a finding that he can perform work existing in significant numbers in the national economy because the assumptions in the hypothetical questions do not accurately convey his limitations. The Court will address each of Fletcher's arguments in turn.

---

[3] Under social security regulations "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work."

[4] This limitation is based on Fletcher's testimony at the hearing that he has had an 8th grade education with a history of remedial reading instruction. AR 14, 24-26.

**1. Credibility Determination**

Fletcher claims that the ALJ erred by finding that his testimony about the intensity, persistence and limiting effects of his pain was not credible. Fletcher's subjective assessment of his symptoms is relevant to determining whether he suffers from a disability but is not conclusive evidence of disability. *Warner*, 375 F.3d at 392 (citing *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001)). In evaluating Fletcher's subjective complaints of pain, the ALJ was permitted to consider his credibility and this Court should ordinarily accord great deference to that credibility determination. *Id.* In order to evaluate claims of disabling pain, the Sixth Circuit has developed a two-prong test:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Id.* (citing *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994)). Although the Sixth Circuit has recognized that it is "for the ALJ and not the reviewing Court to evaluate the credibility of witnesses, including that of the claimant," the ALJ may not make that determination "based solely upon an intangible or intuitive notion about an individual's credibility." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007)(quoting Soc. Sec. Rul. 96-7p, 1996 SSR LEXIS 4, *11, 1996 WL 374186, at *4 (1996)). Having examined the ALJ's decision and the evidence in the record, the Court finds that the ALJ's adverse credibility determination is supported by substantial evidence.

The record indicates that after Fletcher's previous application for SSI benefits was denied in November of 2003, he did not seek any medical treatment until five years later. Despite this

absence of treatment, he alleges a period of disability beginning in November 2003. The Sixth Circuit has indicated on several occasions that a claimant's failure to seek medical treatment supports an adverse credibility finding. *See, e.g.*, *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990)(noting that Mr. Blacha's use of only mild medications and failure to seek treatment undercut his complaints of disabling pain).

Fletcher also testified that he has pain from arthritis in his back, knees and legs and complained of pain throughout his body. However, after Fletcher resumed treatment in 2008 and 2009, treatment notes do not reflect complaints of disabling pain. Furthermore, diagnostic testing and physical examinations do not support his claims of disabling pain. Dr. Fritzhand performed a consultative examination of Fletcher in April of 2008. Fletcher presented with a chief complaint of low back pain but acknowledged that he had not been seeing a physician for his back pain and was only taking Alleve. AR 199. He also admitted that he was not taking any medication for his shortness of breath. The type of medication that an individual uses to alleviate pain and other symptoms alleged is a factor an ALJ should consider in determining credibility. *See* 20 C.F.R. §§ 416.929(c), 416.929(c)(3)(iv). In addition, the ALJ was also permitted to consider the lack of treatment and/or conservative treatment that Fletcher was receiving to deal with his pain.

Dr. Fritzhand's evaluation found that Fletcher's range of motion in the cervical and lumbar spine was within normal limits with no evidence of paravertebral muscle spasms. Percussion of the lumbar spinous processes was not associated with tenderness. Similarly, the neurological examination was essentially normal. This absence of neurological evidence supporting disabling pain further bolsters the ALJ's credibility determination. *See* 20 C.F.R. §

416.929(c)(2). Dr. Fritzhand stated that he was unable to

> assess a functional impairment without at least plain films of the lumbar spine as well as pulmonary function studies. However, assuming these studies are non-contributory, then *the patient would be capable of performing a moderate amount of sitting, ambulating, standing, bending, kneeling, pushing, pulling, lifting and carrying heavy objects*....The patient would obviously do best in a dust-free environment.

AR 201 (emphasis added). Simply put, none of Dr. Fritzhand examination findings support Fletcher's claims of disabling pain. Furthermore, Dr. Fritzhand's examination is consistent with the ALJ's RFC determination and the limitations that he imposed.

Fletcher's daily activities are also relevant to the credibility determination and support the ALJ's findings. Fletcher has indicated that he has a driver's license, spends his time around the house and walking around his backyard, watches TV, prepares simple meals such as sandwiches and does his own laundry. These activities of daily living are not consistent with an individual who is completely incapacitated by disabling pain.

More recent medical evidence and treatments records also fail to substantiate Fletcher's complaints of disabling pain. On December 4, 2008, an MRI of the right shoulder showed only mild hypertrophic changes and Fletcher was prescribed narcotic pain medications. AR 232. Fletcher was referred for an orthopedic evaluation on December 17, 2008 and complained of severe shoulder pain over the previous four months. However, on physical examination Dr. Micek found Fletcher had a good range of motion and good strength throughout his rotator cuff. While Dr. Micek noted some pain, it was apparently much improved. The examination failed to reveal signs of bruising and the neurological exam of the upper extremities was normal. As a result, Dr. Micek's assessment was "[r]esolving right shoulder injury secondary to fall, probably some minor rotator cuff involvement which appears to be resolving on its own." Dr. Micek

8

concluded the evaluation by stressing that he would not fill out a work limitation form for Fletcher, despite his attorney's request, and would not be placing him on any restrictions.

On February 12, 2009, Fletcher underwent a chest x-ray which was suggestive of COPD but showed no acute cardiopulmonary process. AR 229. The record also contains a prescription notation from Dr. Buca Ketan indicating that Fletcher has findings consistent with COPD and emphysema. AR 245. However, there is no evidence in the record from Dr. Ketan or any other treating or examining physician assessing significant functional limitations.

Finally, the ALJ relied on the opinions of state agency reviewing physicians in support of his RFC findings and credibility assessment. These opinions indicated that Fletcher is capable of performing work at the medium exertional level, subject to environmental restrictions including extreme cold and heat, fumes, odors, dusts, gases and poor ventilation. AR 202-218. Under social security regulations, the ALJ was permitted to rely on the opinions of these non-examining sources. *See* 20 C.F.R. § 416.927(f)("State agency medical...physicians...are highly qualified physicians...who are also experts in Social Security disability evaluation. Therefore, administrative law law judges must consider [their] findings...as opinion evidence."). Furthermore, the ALJ's opinion indicates that he only relied on the opinions of the state agency reviewing physicians to the extent they were consistent with the record as a whole, including the opinion of Dr. Fritzhand who examined Fletcher. AR 17-18.

**2. Exertional and non-exertional impairments.**

Fletcher also claims that the ALJ erred by failing to consider the combined effects of his impairments and that it was insufficient for him to merely state that the combined effects were considered. *See Blankenship v. Bowen*, 874 F.2d 1116 (6th Cir. 1989). The Court recognizes

9

that Fletcher may be found disabled by virtue of the combined effect of his impairments; however, the Court finds that the ALJ properly considered the combined effects of his impairments. *See generally*, *Mowery v. Heckler*, 771 F.2d 966, 971 (6th Cir. 1985)(finding it necessary to consider the claimant's impairments in combination). First, as the Court has discussed above, the ALJ was permitted to discredit Fletcher's allegations of disabling pain because these allegations were not consistent with the objective medical evidence and his daily activities. Second, Fletcher has not indicated what impairments the ALJ failed to consider.

Significantly, the ALJ's decision indicates that contrary to Fletcher's arguments, the ALJ considered the combined effects of Fletcher's impairments. The ALJ clearly considered Fletcher's objective physical impairments as well as his subjective complaints of pain. In addition, the Sixth Circuit has recognized that "an ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a combination of impairments in finding that the plaintiff does not meet the listings." *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990)(quoting *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987)). In his hearing decision, the ALJ recognized that he was required to consider all of Fletcher's symptoms including his complaints of pain. Furthermore, the ALJ found that Fletcher had an impairment or combination of impairments that were severe. Accordingly, the Court finds that the ALJ properly took all of Fletcher's impairments into account.

**3. Vocational expert testimony.**

Fletcher's final argument is that the VE's testimony does not provide substantial evidence for the Commissioner's decision denying benefits because the RFC and other restrictions

contained in the hypothetical questions do not accurately describe his limitations. The Sixth Circuit has indicated that VE testimony can be relied upon by the Commissioner to carry his burden of proving that a substantial number of jobs exist that a claimant can perform if the hypothetical question "accurately describe the plaintiff in all significant, relevant respects...." *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). Thus only those limitations supported by the medical evidence in the record needed to be included in the ALJ's hypothetical questions to the VE.

At the hearing, the ALJ asked the VE assume an individual capable of working at medium exertion who:

> cannot be exposed to hot or cold temperatures, cannot be exposed to pulmonary irritants. With these limitations and considering the age and education factor, and...,no job in which reading is an essential element. Would there be jobs in the regional or national economy such a person might perform?

AR 47. The VE answered in the affirmative and gave representative jobs including hand packer and production worker. Fletcher argues that the RFC and other limitations included in the hypothetical questions do not accurately describe his limitations.

However, as the Court has previously noted throughout its decision, the RFC determination and other limitations on Fletcher's ability to work are supported by substantial evidence. Fletcher also argues that the Commissioner's finding is not supported by substantial evidence because the VE testified that if Fletcher's testimony were believed, he would not be able to perform any work. However, as previously discussed, the ALJ was entitled to find Fletcher's testimony not credible and take this into account during his questioning of the VE because the testimony was inconsistent with the objective medical evidence and Fletcher's daily

11

activities. Because the ALJ did not find Fletcher's testimony credible, he was not required to include those limitations that Fletcher testified to the hypothetical questions to the VE. Accordingly, it is irrelevant that the VE opined that there would be no jobs that Fletcher could perform if his subjective complaints of disabling pain were given full credibility and the Court finds Fletcher's argument to be without merit.

### III. CONCLUSION

For the reasons set forth above, the Court holds that the ALJ's decision denying Fletcher's claim for benefits is supported by substantial evidence. Accordingly, the Court **HEREBY ORDERS** as follows:

(1) Plaintiff's Motion for Summary Judgment (Rec. No. 10) is **DENIED;**

(2) Defendant's Motion for Summary Judgment (Rec. No. 11) is **GRANTED;** and

(3) The administrative decision of the Commissioner will be **AFFIRMED** by a separate Judgment entered this date.

This 16th day of April, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge